LAMANCUSA v. PENNSYLVANIA R. CO.
Civ. A. No. 11095.

United States District Court
E. D. Pennsylvania.

May 24, 1952.

Joseph Feldman, Philadelphia, Pa., for plaintiff.

Philip Price, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This action arose under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Plaintiff sought to recover for defendant's alleged negligence in not keeping properly ventilated and free of dust the boilers in which he, as a boilermaker, was compelled to work, and in not furnishing him with a respirator or mask. He alleged that by reason of such negligence he had contracted pneumoconiosis. Plaintiff sought to show defendant's negligence through his own testimony and that of one Regis Hoyer, a coworker. At the conclusion of the plaintiff's case, the Court granted defendant's motion under Rule 50, F.R. C.P., 28 U.S.C., for a directed verdict. The plaintiff now moves for a new trial.

The Court feels impelled to deny the motion. Repeated decisions of the United States Supreme Court have held that the weight of the evidence under the Employers' Liability Act must be more than a scintilla before the case may rightly be left to the discretion of the trier of fact. Brady v. Southern Ry. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Baltimore & Ohio R. Co. v. Groeger, 266 U.S. 521, 45 S.Ct. 169, 69 L.Ed. 419. Where the evidence is such that, putting the credibility of the witnesses to one side, there can be but one reasonable conclusion as to the verdict, the Court should take the case from the jury. Galloway v. United States, 319 U.S. 372, 63 S.Ct. 1077, 87 L. Ed. 1458; Baltimore & Ohio R. Co. v. Groeger, 266 U.S. 521, note 1, 45 S.Ct. 169, 69 L.Ed. 419; IX Wigmore on Evidence (3d ed., 1940), Sec. 2494 et seq. The cases cited in plaintiff's brief hold nothing to the contrary. The Court views this as such a situation. Thus, the plaintiff's own witness, Hoyer, on direct examination, testified that it was not practical to use a respirator; that no respirator had ever been issued to him or to any other man doing Lamancusa's type of work. At another point, under cross-examination, he stated that no one in his situation had asked for a respirator, so far as he knew. Hoyer further testified that an air hose, always available to the cleaner for use in freshening the air in the firebox, kept the

834

dust away "entirely adequately." The firebox was open all around the sides of the scaffold on which the plaintiff worked; it was open through the flue sheet, as well, so the air from the air hose could circulate easily. Plaintiff made no showing of negligence. At most, he has shown only that his job compelled him to work in dusty air; and his own witness testified that the entire shop was dusty.

The motion is denied.